UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERGON OIL PURCHASING, INC. | CIVIL ACTION |
| v. | NO. 16-5884 |
| CANAL BARGE COMPANY, INC.,<br>SAYBOLT, L.P., AND<br>SOUTHWEST SHIPYARD, L.P. | SECTION: "N" (3) |

## ORDER AND REASONS

In May 2015, as discussed in the Court's prior Order and Reasons (Rec. Doc. 30), Plaintiff hired two barges from Canal Barge Company (CBC 7026 and 7028) to transport 48,000 barrels of naphthenic crude oil from Texas City, Texas, to Vicksburg, Mississippi. Upon completion of the voyage, it was determined that the cargo in one of the vessels, CBC 7028, had been contaminated in transit. As a result, Plaintiff filed this suit, seeking in excess of $2 million in damages, against Defendants Canal Barge Company, Inc., Saybolt, L.P., and Southwest Shipyard, L.P.

In support of its claims, Plaintiff alleges, *inter alia*, that Southwest failed to properly strip and clean CBC 7078, prior to its loading, such that pre-existing substances left in the barge's tanks[1] caused the subsequent contamination of approximately 20,000 barrels of Plaintiff's cargo.[2] Plaintiff additionally alleges that Saybolt, the survey company hired by Plaintiff to provide

---

[1] The parties' submissions reflect that the pre-existing substances included approximately 2,750 remaining barrels of prior cargo.
[2] *See* Rec. Doc. 1, ¶ 14.

inspection and monitoring services on Plaintiff's behalf,[3] failed to properly inspect the condition of CBC 7078 prior to cargo being loaded, failed to insure the cargo was properly loaded, and, finally, failed to timely notify Plaintiff of the existence of potential contaminants aboard the barge, such that Plaintiff was precluded from taking appropriate preemptive action to protect its cargo.

Upon motion by Southwest, the Court previously dismissed Plaintiff's claims against it for lack of personal jurisdiction.[4] Now before the Court is a motion, filed by Saybolt, asking the Court to dismiss Plaintiff's claims in their entirety because Plaintiff did not notify Saybolt of its claim within "45 days after delivery of the Saybolt report."[5] Alternatively, Saybolt argues the maximum amount of damages that Plaintiff can recover in this action is limited to $20,000, and, thus, requests that Plaintiff's claims be dismissed to the extent they seek an award of damages in excess of $20,000.

In support of its motion, Saybolt relies on a provision of the "General Terms and Conditions" portion of the "Preferred Rate Agreement," ("PRA") entered into by the parties in 2014, which states, in pertinent part:

> 7. LIMITATION OF LIABILITY
>
> All claims must be made in writing within 45 days after delivery of the Saybolt report regarding the work/services or such claim shall be deemed as irrevocably waived. Saybolt's liability under this Agreement or in connection with any service hereunder will not exceed the amount equal to ten times the charges payable for the services which are the subject matter of the alleged liability or the

---

[3] Plaintiff emphasizes that none of Plaintiff's personnel would be present in Texas for the board loading operations; hence, it relied on Saybolt. *See* Rec. Doc. 38, p. 3.
[4] *See* Rec. Doc. 30.
[5] *See* Rec. Doc. 33-1, pp. 8 & 9 of 10.

2

amount of USD 20,000, whichever is less. This remedy shall be the sole and exclusive remedy against Saybolt arising out of its work.[6]

Having carefully reviewed the parties' submissions, the record herein, and applicable law, **IT IS ORDERED** that Saybolt's motion to dismiss is **DENIED IN PART** and **GRANTED IN PART**. Specifically, the motion is denied to the extent it seeks a complete dismissal of Plaintiff's claims based on the 45-day time period set forth above. Based on the authorities cited by Plaintiff, the Court agrees that the provision is contrary to Texas law, which governs the dispute by agreement of the parties.[7] *See* TEX. CIV. PRAC. & REM CODE § 16.071 (contract stipulation requiring notice of a claim for damages as condition precedent to right to sue not valid unless reasonable; requirement of notification within less than 90 days is void); *Id.* at § 16.070 ("stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void").

The motion is granted, however, to the extent that Saybolt seeks dismissal of Plaintiff's damage claims exceeding $20,000 based on the limitation of liability set forth in the second sentence of paragraph 7 of the parties' agreement. As discussed in Saybolt's submissions, Texas law recognizes such limitations as enforceable unless they violate public policy, which generally occurs if a disparity of bargaining power exists between the parties. *See* TEX. BUS. & COM CODE § 2.179; *Allright, Inc. v. Elledge*, 515 S.W.2d 266, 267 (Tex. 1974). No such disparity is alleged here. Further, unlike liquidated damages provisions, damage limits may be enforced

---

[6] *See* Rec. Doc. 33-3, p. 9 of 11.
[7] In paragraph 10 of the PRA, the parties agree: "The Agreement shall be governed by and interpreted in accordance with the laws of the State of Texas." *Id.*

without regard to whether the limitation is a reasonable estimate of the probable damages resulting from a breach. *See* TEX. BUS. & COM CODE § 2.179; TEX. BUS. & COM CODE § 2.178; *Glob. Octanes Texas, L.P. v. BP Expl. & Oil Inc.,* 154 F.3d 518, 523 (5th Cir. 1998) (citing *Vallance & Co. v. DeAnda,* 595 S.W.2d 587, 590 (Tex. Civ. App. 1980)). Accordingly, on the instant showing made, the Court finds no basis for disregarding the $20,000 damages limit.

Notwithstanding the foregoing, the Court notes that, on page 7 of its opposition memorandum, Plaintiff contends that "Saybolt undisputedly knew of the impending harm and deliberately and intentionally did not timely alert [Plaintiff]."[8] As urged by Saybolt, however, such a claim "for the first time goes beyond breach of contract and negligence and alleges an (unidentified) intentional tort" that is not alleged in Plaintiff's complaint,[9] and thus provides no basis for denial of Saybolt's motion beyond that ordered herein. Should Plaintiff timely determine that appropriate grounds exist for alleging such a claim, consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure, it must promptly seek leave to amend its complaint to do so.

New Orleans, Louisiana, this 2nd day of February 2018.

 Kurt D. Engelhardt
 **United States District Judge**

---

[8] *See* Rec. Doc. 38, p. 3.
[9] *See* Rec. Doc. 45, n.12.

4